STEVEN G. KALAR
Federal Public Defender
ELLEN V. LEONIDA
Assistant Federal Public Defender
555 - 12th Street, Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500
Fax: (510) 637-3507
Email: ellen_leonida@fd.org

Counsel for Defendant
ALEXIS ISABELL ADAMS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXIS ISABELL ADAMS,<br><br>Defendant. | CR 12-00538 YGR<br><br>NOTICE OF MOTION, MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT |

TO: UNITED STATES OF AMERICA, PLAINTIFF, MELINDA HAAG, UNITED STATES ATTORNEY, AND BRIAN LEWIS, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that counsel for defendant Alexis Adams hereby moves the Court for an order dismissing the indictment in this case on the grounds that it does not allege facts sufficient to constitute a federal offense.

The motion is based on this notice and motion, the following memorandum of points and authorities and accompanying exhibit, Rule 12(b)(3) of the Federal Rules of Criminal Procedure, all other applicable constitutional, statutory and case authority, and such evidence and argument as may be presented at the hearing of this motion.

CR 12-00538 YGR
Adams Motion to Dismiss Indictment                1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Defendant, Alexis Adams, has been charged by indictment with violating 18 U.S.C. § 875(d), extortion, and 18 U.S.C. § 371, conspiracy to commit extortion. *(See* Indictment, attached as Exhibit A) The charged extortion offense has as an element the "transmi[ssion] in interstate or foreign commerce [of] any communication containing any threat." 18 U.S.C. § 875(d). Because the indictment in this case does not allege any facts supporting the transmission of a threat in interstate or foreign commerce, however, there is no way of knowing whether the grand jury considered this element and found that it was satisfied. Accordingly, the indictment fails to allege a federal offense and must be dismissed.

**ARGUMENT**

**I.    This Court May Dismiss The Indictment Before Trial**

A defendant may move before trial for dismissal of an indictment on the grounds that it is defective or it "fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). In deciding a pre-trial motion to dismiss the indictment, the district court generally is bound by the four corners of the indictment and must accept as true the allegations in the indictment. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). A district court also may decide a motion to dismiss an indictment before trial if it raises pure issues of law. *United States v. Phillips*, 367 F.3d 846, 855 (9th Cir. 2004); *see also United States v. Berry*, 638 F. Supp. 2d 1163, 1165 (N.D. Cal. 2009) ("A court may base its decision [on a pretrial motion to dismiss] on undisputed facts without fear of invading the province of the jury.").

Ms. Adams moves to dismiss the indictment before trial because it fails to allege facts sufficient to constitute a federal offense. Her motion raises a question of law that may be resolved based on the face of the indictment. The Court may and should hear and decide this motion before trial.

**II. The Fifth Amendment Requires That a Defendant be Prosecuted Only on Charges Considered and Found by a Grand Jury**

An indictment must do more than repeat the elements of an offense; it "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Although the general language of a statute may be used in an indictment, "'it must be accompanied with such statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'" *Hamling v. United States*, 418 U.S. 87, 117-18 (1974) (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)). The charges must contain facts that "furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge." *United States v. Cecil*, 608 F.2d 1294, 1298 (9th Cir. 1979); *see also United States v. Lane*, 796 F.2d 1376, 1380 ("Two corollary purposes of an indictment are to ensure that the defendant is being prosecuted on the basis of facts presented to the grand jury and to allow the court to determine the sufficiency of the indictment.").

The requirement "that a defendant be convicted only on charges considered and found by a grand jury" is compelled by the Fifth Amendment of the Constitution. *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999); *see also Stirone v. United States*, 361 U.S. 212, 217 (1960). An indictment must demonstrate, on its face, that the grand jury considered every element of the offenses charged; "to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection that the grand jury was designed to secure, because a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him." *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979) (citing *Russell v. United States*, 369 U.S. 749, 770 (1962)).

A deficient indictment cannot be cured by amendment or bill of particulars. As the Supreme

Court has explained:

> If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the constitution says "no person shall be held to answer," may be frittered away until its value is almost destroyed.

*Stirone*, 361 U.S. at 216; *see also Cecil*, 608 F.2d at 1296 ("The very purpose of the requirement that a man be indicted by a grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge.") For similar reasons, the existence of an "open-file" discovery policy cannot cure an invalid indictment. *Cecil*, 608 F.2d at 1296.

The indictment in this case alleges that Ms. Adams and a co-defendant, Marcus Shaw, committed extortion, and conspired to do so, in violation of 18 U.S.C. § 875(d) and 18 U.S.C. § 371. The charged extortion offense requires the "transmi[ssion] in interstate or foreign commerce [of] any communication containing any threat." 18 U.S.C. § 875(d). "The transmittal of a threat in interstate commerce is an integral element of federal extortion." *United States v. Korab*, 893 F.2d 212, 213 (9th Cir. 1989). For a conviction under the statute, "the evidence must establish that, with the intent to extort, the perpetrators used interstate communication to transmit a threat." *Id.*; *see also United States v. Oxendine*, 531 F.2d 957 (9th Cir. 1976) (reversing conviction for interstate communication of threats under 18 U.S.C. § 875(c) because there was no proof a threat had been transmitted across state lines). "The charged communication under 18 U.S.C. § 875(b) must contain threats directed toward the victim."[1] *United States v. Pascucci*, 943 F.2d 1032, 1036 (9th Cir. 1991).

---

[1] The quoted sentence from *Pascucci* refers to § 875(b), but elsewhere the decision states that the defendant was convicted of § 875(d). 943 F.2d at 1033. Both subsections, as well as subsection (c), include the same interstate-commerce language: "transmits in interstate or foreign commerce any communication containing any threat." 18 U.S.C. § 875(b), (c), (d); *see also United States v. Havelock*, 664 F.3d 1284, 1293 (9th Cir. 2012) (en banc) (noting that (c) and (d) of § 875 both prohibit transmission of threatening communications in interstate or foreign

The indictment in this case does not allege any facts establishing that there was a transmission in interstate or foreign commerce of any communication containing a threat. The indictment alleges generally that, within this district and elsewhere, the defendants "transmit[ted] in interstate and foreign commerce a communication containing a threat to injure the property and reputation of the addressee of that communication." (Indictment ¶ 5) But the only act that the indictment alleges occurred in a specific location is a telephone conversation about exchanging money for not releasing photographs between Marcus Shaw and the alleged victim, who was in this district. (Indictment ¶ 4(e))

The indictment does not allege where Mr. Shaw was at the time of this alleged phone conversation (or at any other time). The indictment does not allege any other threatening communication. The indictment does not allege the location of either the sender or recipient at the time any other alleged communication occurred. The indictment thus fails to allege facts establishing that any communication containing a threat was transmitted in interstate or foreign commerce. Based on this indictment, the grand jury could not have found an "integral element" of the charged offense. *Korab*, 893 F.2d at 213; *see also United States v. Lopez-Flores*, 592 F. Supp. 1302 (W.D. Tex. 1984) (dismissing indictment alleging a violation of 18 U.S.C. § 875(a) because it failed to allege facts that established a transmission in interstate commerce).[2] The Court should dismiss the indictment because it does not properly charge a federal offense.

///

///

///

---

commerce).

[2] The indictment in *Lopez-Flores* alleged that the communication (a ransom demand) was transmitted from Chihuahua, Mexico, to Texas. At the time, 18 U.S.C. § 875 did not apply to threats in foreign commerce, as opposed to interstate commerce. *Lopez-Flores*, 592 F. Supp. 1302-3 ("Not only does [the indictment] fail to allege any transmission in 'interstate commerce'; its affirmative allegations establish that the alleged transmission was in 'foreign commerce.'")

**CONCLUSION**

For the reasons stated above, Ms. Adams respectfully asks the Court to dismiss the indictment because it does not allege facts sufficient to establish an integral jurisdictional element of a federal offense.

Dated: November 15, 2012

                        Respectfully submitted,

                        STEVEN G. KALAR
                        Federal Public Defender

                        /s/

                        ELLEN LEONIDA
                        Assistant Federal Public Defender